**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff, Case No. 25-20869

v. Honorable Susan K. DeClercq

D-1 Braylon Marshall,

Defendant.

_________________________________/

# Government's Motion to Seal

The government moves for an order to seal exhibit four to its response to defendant's motion to suppress evidence discovered during an inventory search. (ECF No. 89). The exhibit is an excerpt from the FBI's Domestic Investigations and Operations Guide (DIOG) setting out the FBI's policy for conducting inventory searches. DIOG § 18.6.12 (2025). The government asks the Court to shield this filing from public disclosure, because it is a privileged, internal policy document that governs the FBI's operational and intelligence activities as well as its administrative functions.

The defendant is not opposed to this motion to seal.

## I. Legal standard

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A). Local Rule 5.3 applies in criminal cases. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id.* "The proponent of sealing . . . must analyze in detail,

document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06. "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

## II. Argument

The FBI's Domestic Operations and Investigation Guide (DIOG) is the FBI's consolidated, standardized policy guide for all the FBI's operations. *Muslim Advocates v. U.S. Dep't of Justice*, 833 F.Supp.2d 92, 95 (D.D.C. 2011). The DIOG contains information "ranging from general principles to chapters detailing the FBI's procedures for conducting clandestine operations." *Id.* It has been described as the FBI's "law enforcement and national security 'playbooks.'" *Freedom of Press Foundation v. Dep't of Justice*, 493 F.Supp.3d 251, 272 (S.D.N.Y. 2020).

Federal courts, including the Sixth Circuit, have recognized the government's interest in maintaining secrecy in at least some portions of the DIOG, permitting sections of the DIOG to be exempt from discovery in some cases and declining to permit broad disclosure under the Freedom of Information Act. *See, e.g., ACLU of Mich. v. FBI*, 734 F.3d

460 (6th Cir. 2013) (affirming exemption from FOIA portion of the DIOG that related to racial and demographic data).

In this case, the government has received permission from the FBI to access an excerpt of the DIOG that describes the FBI's policy for conducting inventory searches. The excerpt directly addresses defendant Marshall's claims.

But the excerpt of the policy is privileged, and FBI explicitly restricts its distribution because it describes specific investigation techniques. While the government believes that a citation to the most relevant policy provisions is sufficient to address the defendant's claims, the government is seeking to disclose the entire inventory-search policy under seal in order to provide the Court and the defendant with additional context to evaluate the defendant's claims and the government's response. *See United States v. Richards*, 25-10288, (ECF No. 138) 2026 WL 1649137 at *3 (D. Mass. June 8, 2026) (describing FBI's inventory-search policy which was submitted under seal).

## III. Conclusion

For these reasons, the government asks the Court to grant the motion to seal.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/Stephen Carr
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9721
stephen.carr@usdoj.gov

October 20, 2026

## Certificate of Service

I certify that on Monday, October 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/*Stephen Carr*

Stephen Carr
Assistant U.S. Attorney
U.S. Attorney's Officer